UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONTA HOLMES,

                        Plaintiff,

    -against-

MIKE DOE, Warden, JOHN DOE, Sergeant, JOE
GOODENOUGH, Correction Officer,

                        Defendants.

14 cv 7818 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Donta Holmes ("Plaintiff") brings this action against defendants Eric T. Schneiderman, Mike Doe, John Doe, and Joe Goodenough (collectively, "Defendants") for excessive use of force, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.[1] Before the Court is the Defendants' motion to dismiss. Plaintiff has not submitted opposition to the Defendants' motion. For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the § 1983 Complaint filed by Plaintiff. Plaintiff was an inmate at the Orange County Correctional Facility ("OCCF") during the time period in question. (Complaint, ECF No. 1, at 2-3.) On May 28, 2014, at approximately 4:00 p.m., Plaintiff was called to the sergeant's office, and while on his way, he was allegedly assaulted

---

[1] It is unclear from the Complaint whether Plaintiff also intends to bring a claim of deliberate indifference to his medical needs, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. In any event, the current ruling has effect on any claim arising from the alleged altercation.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2016

by John Doe and Joe Goodenough.[2] (*Id.* at 5-6.) The incident began with Joe Doe verbally abusing Plaintiff. (*Id.*) Following the verbal abuse, Goodenough "threw [Plaintiff] up against the wall." (*Id.* at 6.) John Doe joined in the physical abuse, and both Doe and Goodenough proceeded to kick and punch the Plaintiff and eventually picked him up and "slammed [him] on the right side of his head." (*Id.*) Plaintiff alleges that he was bleeding from his ear, did not receive medical attention until the next day, and has permanently damaged his hearing. (*Id.* at 7.) Plaintiff's complaint does not allege that he filed any internal grievance regarding this incident.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action."

---

[2]Plaintiff mistakenly sues Joe Goodenough. Defendant's correct name is Alfred Goodenough.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

On a motion to dismiss, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *see Manley v. Utzinger*, No. 10 Civ. 2210 (LTS)(HBP), 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit."). "For a document to be considered integral to a complaint, a plaintiff must 'rel[y] on the terms and effect of [the] document in drafting the complaint ...; mere notice or possession is not enough.'" *Bejaoui v. City of New York*, No. 13-

CV-5667 NGG RML, 2015 WL 1529633, at *5 (E.D.N.Y. Mar. 31, 2015) (citing *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 156 (2d Cir. 2006)) (alterations and emphasis in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect")).

Under Rule 12(d), Fed. R. Civ. P., where "matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Accordingly, "a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings," so long as "the court give[s] 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)).

## DISCUSSION

In the instant case, Defendants allege that Plaintiff has failed to exhaust his § 1983 claims and in doing so, they seek to rely on the affidavit of Sergeant Paul Brahm—the former OCCF Grievance Coordinator—and accompanying exhibits, including a prisoner handbook outlining grievance procedures and a handwritten record log of grievances filed. (*See* Memorandum of Law on Behalf of Defendant Goodenough, ECF No. 28, 4-5.) Because these are matters outside the pleadings and not documents of which the court can take judicial notice, the instant motion must be treated as one for summary judgment. Plaintiff is appearing *pro se*, and Defendants have provided the requisite notice to Plaintiff that their motion is

supported by matters outside the pleadings and may therefore be considered a motion for summary judgment. (*See* Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings, ECF No. 29.) *See also Laporte v. Fisher*, No. 11 CIV. 9458 PKC HBP, 2012 WL 5278543, at *6 (S.D.N.Y. Oct. 24, 2012) (citing *Villante v. Dep't of Corr. of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986)) ("in the case of a pro se party, [n]otice is particularly important because the pro se litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues.") (internal quotation marks omitted). Though the provided notice encourages Plaintiff to submit any evidence necessary to oppose the motion, Plaintiff has failed to respond to the motion or the notice.

The Court will therefore consider the current motion as one for summary judgment. Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine dispute or issue of material fact by pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *id.* 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has fulfilled its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine dispute of material fact. *Id.* 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013); *Gen. Star Nat'l Ins. Co. v. Universal*

*Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)).

As an initial matter, the Court must determine whether Plaintiff has fully exhausted his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). "[B]ecause 'it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion [,]' ... [t]he exhaustion inquiry ... requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009)

(quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F.Supp.2d 442, 447 (S.D.N.Y. 2007); *Veloz v. New York*, 339 F.Supp.2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that Plaintiff's claims are not exhausted. *Key v. Toussaint*, 660 F.Supp.2d 518, 523 (S.D.N.Y. 2009).

Here, there is no disputed issue of material fact as to whether Plaintiff exhausted his administrative remedies. OCCF has an established grievance program that is explained to each inmate at orientation. (Brahm Affidavit, ECF No. 27, ¶ 5.) If an inmate has a complaint, he or she is initially required to attempt to resolve the issue with the relevant officer. (*Id.* ¶ 7.) If no resolution is reached, the inmate may request a grievance form, which has an identifying number. (*Id.*) When the inmate files the grievance form, the identifying number is recorded in the log book, along with the inmate's name, details about the grievance, and other relevant information. (*Id.* ¶ 8.) Plaintiff acknowledged that the grievance procedures were explained to him. (*Id.* ¶ 5.) Nevertheless, Plaintiff failed to request or file a grievance form with regards to the alleged abuse. (*Id.* ¶ 13.) To prove this fact, Defendants have submitted the Brahm affidavit, as well as records of the log book, which do not contain an entry related to the incident alleged herein. (*Id.*; Brahm Affidavit, ECF No. 27, Exhibits D and E.) Therefore, Defendants have fulfilled their preliminary burden of demonstrating an absence of a dispute of material fact with regards to Plaintiff's exhaustion of administrative remedies.

The onus then shifts to the Plaintiff to raise the existence of a genuine dispute of material fact. Plaintiff has not submitted any evidence to show, nor has he alleged in his Complaint, that he did file a grievance. (*See generally* Complaint, ECF No. 1.) In light of the

fact that the OFFC log book does not contain any record of a grievance filed by Plaintiff, the Court believes no issue of material fact exists as to whether Plaintiff exhausted his administrative remedies, and the Court must dismiss the Complaint.[3]

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed. The Court respectfully directs the Clerk to terminate the motion at ECF No. 25 and close the case.

Dated: January 25, 2016
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[3] Though the Orange County Attorney has provided the identities of Mike Doe and John Doe by letter dated January 16, 2015, Plaintiff has not filed an Amended Complaint naming such defendants and neither defendant has been served with process. Thus, the instant complaint against Defendants Goodenough, Doe, and Doe is dismissed. However, to the extent Plaintiff were to file a complaint naming Mike Doe as Colonel Kenneth Decker and John Doe as Sergeant Frank Maiorino, the same ruling would apply.

8